1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

7
8   DOMINIC ANTHONY MARROCCO,                    2:12-CV-28 JCM (RJJ)
9                    Plaintiff,
10  v.
11  MARK A. HILL, et al.,
12                   Defendants.
13

14                                **ORDER**

15      Presently before the court is defendants Mark Hill, et. al.'s motion to dismiss pursuant to
16  Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. #10). Plaintiff Dominic Anthony
17  Marrocco filed a response. (Doc. #13). Defendants then filed a reply. (Doc. #14). Also before the
18  court is plaintiff's motion for order to show cause why notice of lis pendens should not be expunged.
19  (Doc. #4).

20      On January 9, 2012, plaintiff filed a complaint asserting four causes of action: (1) slander of
21  title, (2) abuse of process, (3) conspiracy, and (4) racketeering. (Doc. #1; *see also* Doc. #12). The
22  parties before the court are also involved in a case in the district court of Harris County, Texas: *Hill*
23  *v. Marrocco*, 2010-05438. (Doc. #1; *see also* Doc. #12). In the Texas action, the parties are
24  inverted, such that the plaintiff in this case is the defendant in the Texas case, and defendant Mark
25  Hill is the plaintiff in the Texas case. (Doc. #1; *see also* Doc. #12).

26      Here, the complaint alleges that defendants caused a notice of lis pendens to be recorded in
27  the official records of the Clark County recorder based on the Texas action. (Doc. #1; *see also* Doc.
28

**James C. Mahan**
**U.S. District Judge**

1  #12). Further, defendants allegedly misrepresented the nature of the Texas action in the notice of
2  lis pendens. Plaintiff asserts that the notice of lis pendens filed here in Nevada is "false and
3  perjurious." (Doc. #1; *see also* Doc. #12). The causes of action in the complaint all arise from the
4  filing of this notice of lis pendens. (Doc. #1; *see also* Doc. #12).

5      On January 27, 2012, defendants filed the instant motion to dismiss. (Doc. #10). Defendants
6  argue that the complaint should be dismissed for failure to state a claim upon which relief can be
7  granted and for lack of jurisdiction. (Doc. #10).

8      Plaintiff filed a response and an amended complaint on February 13, 2012. (Docs. #12 and
9  #13). Rather than respond to the substance of defendants' motion to dismiss, plaintiff simply
10 attached a copy of his amended complaint to his response, stating that he was responding by filing
11 an amended complaint. (Doc. #13). Plaintiff amended his complaint as of right pursuant to Federal
12 Rule of Civil Procedure 15(a)(1)(B).

13     In their reply, defendants argue that plaintiff has not mooted their motion to dismiss by filing
14 the first amended complaint. (Doc. #14). Defendants assert that there are no material differences
15 between the amended complaint and the original complaint, so "it remains appropriate for the court
16 to address and determine the motion to dismiss as filed on the original complaint with respect to
17 addressing the entire action." (Doc. #14).

18     While many of the allegations in the first amended complaint are similar to the original
19 complaint, the court is not inclined to find that there are no material differences between the two
20 complaints. (*See* Docs. #1 and #12). Further, plaintiff has not responded to defendants' substantive
21 arguments in the motion to dismiss because plaintiff instead elected to file an amended complaint
22 as a matter of course. (Docs. #12 and #13). Therefore, the court will not dismiss plaintiff's first
23 amended complaint based on the arguments in defendants' previously filed motion to dismiss.

24     Also before the court is plaintiff's motion for order to show cause why notice of lis pendens
25 should not be expunged. (Doc. #4). In their motion to dismiss, defendants assert that they
26 discovered the erroneous nature of the lis pendens only once plaintiff filed the instant lawsuit. (Doc.
27 #10). Further, defendants allegedly immediately removed the lis pendens once they became aware

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  that it was filed in error.  (Doc. #10).

2  Although defendants assert that "there is no pending lis pendens," (doc. #10), plaintiff's first 3 amended complaint asserts that defendants' efforts to remove the lis pendens were insufficient or 4 incomplete (doc. #12).  Plaintiff notes that defendants caused a release of lis pendens to be recorded, 5 but that the release was not signed by defendant Hill.  (Doc. #12).  Further, plaintiff obtained 6 preliminary title reports on the disputed property, and the preliminary reports state that the release 7 was insufficient.  (Doc. #12).  In light of the uncertain status of the notice of lis pendens, it is 8 appropriate for the court to order further briefing on plaintiff's motion for order to show cause.

9  Accordingly,

10  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Mark Hill, et. 11 al.'s motion to dismiss (doc. #10) be, and the same hereby is, DENIED without prejudice.

12  IT IS FURTHER ORDERED that plaintiff's motion for order to show cause why notice of 13 lis pendens should not be expunged (doc. #4) be, and the same hereby is, GRANTED.

14  IT IS FURTHER ORDERED that defendants shall file a brief with the court demonstrating 15 why notice of lis pendens should not be expunged on or before March 9, 2012.  Plaintiff may 16 respond within 14 days of the entry of the defendants' brief, and defendants may file a reply within 17 7 days of plaintiff's response.

18  DATED February 28, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**