# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DOMINIC ANTHONY MARROCCO,

    Plaintiff,

v.

MARK A. HILL, et al.,

    Defendants.

2:12-CV-28 JCM (RJJ)

## ORDER

Presently before the court is defendants Mark A. Hill and Marcellous McZeal's motion to dismiss. (Doc. #16). Plaintiff Dominic Anthony Marrocco filed an opposition. (Doc. #21). Defendants then filed a reply. (Doc. #23). After defendants filed their reply, plaintiff filed a notice of lodging of a copy of a March 1, 2012, Nevada Supreme Court case. (Doc. #24). Defendants filed a reply to this notice. (Doc. #26).

The parties before the court are also involved in a case in the district court of Harris County, Texas: *Hill v. Marrocco*, 2010-05438. (Doc. #1; *see also* Doc. #12). In the Texas action, the parties are inverted, such that the plaintiff in this case is the defendant in the Texas case, and defendant Hill is the plaintiff in the Texas case. (Doc. #12). Defendant McZeal is Hill's attorney in the Texas case. (Doc. #12).

Plaintiff's complaint stems from an admittedly false notice of lis pendens recorded by defendants, which encumbered three parcels of Clark County real property belonging to plaintiff. (Doc. #12). At the time defendants filed the false notice of lis pendens, there was no action pending

**James C. Mahan**
**U.S. District Judge**

<pre>in Nevada affecting title to or possession of the Nevada real property.  However, the notice of lis pendens stated that a "lawsuit seeks to rescind a wrongful foreclosure on lands that were purchased in Clark County, Nevada, said lands being described real property. . . ." (Doc. #12).  The Texas case does not involve foreclosure or any right of defendants to the Clark County, Nevada real property identified in the lis pendens.  (Doc. #12).</pre>

On February 13, 2012, plaintiff filed a first amended complaint, asserting four claims for relief: (1) slander of title, (2) abuse of process, (3) conspiracy, and (4) racketeering under Nevada's RICO statute. (Doc. #12). Defendants now move to dismiss the complaint, arguing: (1) this court lacks subject matter jurisdiction; (2) defendants' communications in the lis pendens are absolutely privileged; (3) plaintiff's claims are compulsory counterclaims in the Texas proceeding and are improper before this court; and (4) plaintiff's individual claims fail to state a claim upon which relief can be granted. (Doc. #16).

## **Legal Standard**

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

<pre>James C. Mahan
U.S. District Judge</pre>

<pre>                                          - 2 -</pre>

A federal court can exercise diversity jurisdiction under 28 U.S.C. § 1332 only when (1) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) there is complete diversity between the parties. *See* 28 U.S.C. § 1332. Where the plaintiff originally files in federal court, "the amount in controversy is determined from the face of the pleadings." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (internal quotations omitted). "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.*

I.  **Amount in controversy**

The court finds that it does not "appear to a legal certainty that the claim is really for less than [$75,000]." *Geographic Expeditions, Inc.*, 599 F.3d at 1106. The first amended complaint asserts that defendants wrongfully and deliberately clouded plaintiff's title on three parcels of Clark County real estate. Plaintiff further asserts that the lis pendens has caused him to lose or suffer diminished offers to purchase the real property. Plaintiff further requests general damages, special damages, punitive damages, and attorneys' fees and costs, all in excess of $75,000. Accordingly, the face of the pleadings do not establish "to a legal certainty" that the claim is for less than $75,000. *Id.* Therefore, diversity jurisdiction is proper.

II.  **Privileged communications**

Defendants argue that the communications in the lis pendens are absolutely privileged because they were made in the context of pending litigation. Therefore, the complaint should be dismissed. Plaintiff responds that there is no Nevada lawsuit connected to the notice of lis pendens, and the existence of the unrelated Texas action does not insulate defendants from liability.

Nevada follows the "long-standing common law rule that communications [made] in the course of judicial proceedings [even if known to be false] are absolutely privileged." *Circus Circus Hotels v. Witherspoon*, 99 Nev. 56 (1983). "When the defamatory communication is made before a judicial proceeding is initiated, it will be cloaked with immunity only if the communication is made in contemplation of initiation of the proceeding." *Fink v. Oshins*, 118 Nev. 428, 433 (2002) (internal quotation omitted). While no published Nevada case has considered the litigation privilege in the

James C. Mahan
U.S. District Judge

- 3 -

context of a lis pendens, other jurisdictions have found that the privilege does not extend to a lis pendens filing unrelated to pending or proposed litigation. *See, e.g.*, *Ringier America, Inc. v. Enviro-Technics, Ltd.*, 284 Ill. App. 3d 1102, 1105 (1996) (applying the privilege only when the underlying litigation "makes allegations affecting some ownership interest in the subject property"); *Duncan Family Trust v. Chesapeake Exploration, LLC*, 2008 WL 5272497, at *2 (E.D. Tex. 2008). *But see Bullivant Houser Bailey PC v. Eighth Judicial Dist. Court of the State of Nevada*, 2012 WL 1117467 (Nev. March 30, 2012) (unpublished decision) (finding that the litigation privilege applies when a lis pendens is filed during the course of litigation).

Here, defendants have not initiated any legal proceedings involving the subject of the lis pendens. Further, defendants have not alleged that they made the communication in good faith "contemplation of initiation" of proceedings related to the lis pendens. *See Fink*, 118 Nev. at 433 (limiting the privilege to communications made before judicial proceedings are initiated to communications "made in contemplation of the initiation of the proceeding"). Further, defendants have not demonstrated how the Texas case "makes allegations affecting some ownership interest in the subject property." *Ringier America, Inc.*, 284 Ill App. 3d at 1105; *see also Duncan Family Trust*, 2008 WL 5272497, at *2. Therefore, defendants' communications in the lis pendens are not absolutely privileged.

### III.   Compulsory counterclaims

Defendants argue that the claims in the instant suit are actually compulsory counterclaims in the Texas suit pursuant to Texas rules of civil procedure. Therefore, plaintiff is precluded from bringing these mandatory counterclaims in a separate lawsuit. (Doc. #16). Plaintiff responds that the instant claims are not compulsory counterclaims because they are unrelated to the transaction or occurrence at issue in the Texas case. (Doc. #21).

Like Texas Rule of Civil Procedure 97, Federal Rule of Civil Procedure 13(a) provides that a compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

James C. Mahan
U.S. District Judge

- 4 -

In determining what constitutes a compulsory counterclaim, the Ninth Circuit applies a "logical relationship" test to determine whether a claim and counterclaim arise out of the same transaction or occurrence. *Montana v. Goldin*, 394 F.3d 1189, 1196 (9th Cir. 2005); *see also In re Pinkstaff*, 974 F.2d 113, 115 (9th Cir. 1992). The operative question is "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1249 (9th Cir. 1987). Thus, courts must determine whether there is a substantial overlap between the facts necessary to the claim and counterclaim. *Id.* at 1251.

The Texas litigation asserts breach of contract and quantum meruit claims arising out of a dispute over personal services. Unlike the case at bar, the Texas litigation does not involve any claims related to real property located in Clark County. Further, the claims at issue in the case before this court did not arise until after the Texas case was initiated and defendants filed the lis pendens. Indeed, the only connection between the two cases is defendants' admittedly false description in the lis pendens.

The "essential facts" of the claims in the two suits are not logically connected. *Pochiro*, 827 F.2d at 1249. Therefore, plaintiff's claims are not compulsory counterclaims. The claims in the instant case are properly before the court.

## IV.   Failure to state a claim

Defendants further argue that plaintiff has failed to state a claim for each of the four individual claims in the instant lawsuit.

### A.   Slander of title

Defendants argue that plaintiff has not pled a claim for slander of title because plaintiff has not alleged a special damage that can be recovered under Nevada law. (Doc. #16).

"The requisites to an action for slander of title are that the words spoken be false, that they be maliciously spoken and that the plaintiff sustain some special damage as a direct and natural result of their having been spoken." *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983). "[T]he costs incurred to prosecute the slander of title action itself do not constitute the required special damages

and are not recoverable." *Horgan v. Felton*, 123 Nev. 577, 586 n.23 (2007). "Special damages may constitute both impairment of the land's vendibility as well as expenses sustained in removing the cloud on the plaintiff's title caused by the false statement." *Tai-si Kim v. Kearney*, 2012 WL 194400, at *9 (D. Nev. 2012) (citing *Summa Corp v. Greenspun*, 98 Nev. 528 (1982)).

Here, the complaint asserts that the false lis pendens has damaged plaintiff "through the potential loss of a sale of some or all of the parcels and the resulting reduction in price offered for some or all of them." (Doc. #12). Thus, plaintiff has pled an "impairment of the land's vendibility," which constitutes special damages. *Id.* Accordingly, dismissal of plaintiff's slander of title claim is not proper.

**B.  Abuse of process**

The elements of an abuse of process claim are: "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *LaMantia v. Redisi*, 118 Nev. 27, 30 (2002) (internal quotations omitted). A notice of lis pendens "is filed without intervention of the judicial authority and brings neither the property nor any parties before the court. Since there is no process, there can be no abuse of process." *Woodcourt II Limited v. McDonald Co.*, 119 Cal. App. 3d 245, 252 (1981).

Here, plaintiff's abuse of process claim fails to state a claim upon which relief can be granted because the complaint does not establish "the use of [] legal process." *LaMantia*, 118 Nev. at 30.

**C.  Conspiracy**

"An actionable civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Collins v. Union Federal Sav. & Loan Ass'n*, 99 Nev. 284, 303 (1983). "[U]nder Nevada law, an agent cannot conspire with her principal where the agent acts in her official capacity on her principal's behalf and not as an individual for her individual advantage." *Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP*, 2010 WL 4121886, at *9 (D. Nev. 2010).

. . .

James C. Mahan
U.S. District Judge

- 6 -

In *Flynn*, the court dismissed, without prejudice, a civil conspiracy claim against attorneys, finding that the complaint "does not set forth any factual allegations suggesting [the attorneys] were acting as individuals for their individual advantage." *Flynn*, 2010 WL 4121886, at *9. Similarly, in the case at bar, the complaint does not allege that defendant McZeal was acting for his own individual advantage rather than as an agent of defendant Hill. (Doc. #12). Therefore, pursuant to Nevada law, plaintiff has failed to plead a claim for conspiracy upon which relief can be granted. *See Flynn*, 2010 WL 4121886, at *9.

### D.   Racketeering

To state a claim under Nevada's RICO statute, a plaintiff must allege that the defendant "engag[ed] in at least two crimes related to racketeering that have the same or similar pattern, intents, results, accomplices, victims or methods of commissions, or are otherwise interrelated by distinguishing characteristics and are not isolated incidents . . . ." *Menalco v. Buchan*, 2010 WL 428911, at *19 (D. Nev. 2010). The plaintiff must plead the two crimes relating to racketeering with specificity. *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1287 (D. Nev. 2005). Further, the plaintiff must establish: "(1) the plaintiff's injury flows from the defendant's violation of a predicate Nevada RICO act; (2) the defendant's violation of the predicate act directly and proximately caused the plaintiff's injury; and (3) the plaintiff did not participate in committing the predicate act." *Menalco*, 2010 WL 428911, at *19.

The complaint alleges that defendants committed the two following predicate acts: (1) recording a false and perjurious lis pendens, and (2) offering false evidence in the Texas litigation. (Doc. #12). The complaint further asserts that these acts injured plaintiff's business or property. (Doc. #12). These allegations are supported by sufficient factual matter "to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. Therefore, the plaintiff's Nevada RICO claim is sufficiently pled, and survives defendants' Federal Rule of Civil Procedure 12(b)(6) motion.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Mark A. Hill and Marcellous McZeal's motion to dismiss (doc. #16) be, and the same hereby is, GRANTED in

James C. Mahan
U.S. District Judge

- 7 -

1 part and DENIED in part.  The second and third claims in plaintiff's first amended complaint are
2 dismissed.
3     DATED May 24, 2012.

_____
UNITED STATES DISTRICT JUDGE