UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DOMINIC ANTHONY MORROCCO, ) ) Plaintiffs, ) ) vs. ) ) MARK A. HILL and MARCELLOUS McZEAL ) ) Defendants. ) _____) | 2:12-cv-00028-JCM-NJK  **O R D E R** |

This matter came before the Court on a hearing on Plaintiff's Countermotion to Compel Discovery (#35). The Court has considered the Plaintiff's Motion (#35), the Defendants' Opposition (#36), and the Plaintiffs Reply (#34), as well as the arguments and representations made by counsel at the August 21, 2012, hearing.

**BACKGROUND**

This case arose out of an allegedly improperly filed *lis pendens*. The Defendants filed the disputed *lis pendens* on three of the Plaintiff's Nevada properties in order to notice persons interested in those properties of pending litigation in Texas. According to the Defendants, the Texas litigation may result in the Plaintiff incurring a substantial judgment against him. The Texas litigation is a suit between the Plaintiff, who is the defendant in that case, and Defendant Mark Hill, who is represented by Defendant Marcellous McZeal in that matter. In this case, the Plaintiff has sued the Defendants for improperly filing the *lis pendens*.

The present dispute in this case arises out of the Defendants' alleged failure to properly respond to discovery requests. On April 18, 2012, the Plaintiff served the Defendants with his First

Discovery Requests. The Defendants provided their responses to requests for admission on May 21, 2012, and the interrogatories on May 25, 2012. The Plaintiff argues that the Defendants' responses were inadequate and additionally, the Defendants waived any privilege because they failed to provide a privilege log.

**DISCUSSION**

When a party fails to respond to written discovery, "the discovering party may move for an order compelling an answer . . . in accordance with the request." Fed.R.Civ.P. 37 (a)(2)(B). Here, pursuant to Federal Rule of Civil Procedure 37(a), Defendant seeks an order compelling responses to Interrogatories Nos. 2, 4-6, 8-15; Requests for Production of Documents Nos. 1-8; and Requests for Admission Nos. 2, 3, 5, 10, and 11. Specifically, the Plaintiff is seeking more complete responses to his requests. He asserts that the Defendants' responses and objections were evasive, frivolous and baseless. In response, the Defendants contend that the requests are seeking irrelevant and privileged information and their objections are proper. Importantly, the Defendants did not provide a privilege log to the Plaintiff regarding information they claim is non-discoverable due to privilege.

**A.     Disputed Discovery Requests**

    1.    <u>Interrogatories</u>

A party answering interrogatories must furnish "such information as is available to the party." Fed.R.Civ.P. 33(a). Rule 33(b)(1) requires an interrogatory to be answered "fully in writing under oath...." Fed.R.Civ.P. 33(b)(1). Parties must provide "true, explicit, responsive, complete, and candid answers to interrogatories." *Anderson v. Fresno County, Human Services Sys.*, 2007 WL 1865657, *3 (E.D. Cal. June 28, 2007)(citing *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D.Pa.1996)). Therefore, an answer to an interrogatory must respond to the question being asked. *Id*.

Here, the Defendants argue that the disputed interrogatories involve the separate litigation in Texas which is not relevant to the present case. However, in their response to Request for Admission No. 10, the Defendants state, "the Texas Action can affect the title or possession of the real property described in the *lis pendens*, together with the real possibility that the claims may

- 2 -

never affect the title or possession of the real property described in the *lis pendens*." Countermotion to Compel (#35) at 22. Thus, the Defendants admit that the Texas litigation is connected to the *lis pendens* at issue in this case and its outcome affects the title and possession of the real property described in the *lis pendens*. The Defendants' objection is based on the possibility they will not be successful in the Texas Litigation. This is not a proper objection. The present dispute clearly has a relevant connection to the Texas litigation. Accordingly, and having reviewed the interrogatories, the Court finds the requested information is relevant. Additionally, the Court has reviewed the responses to the interrogatories and finds them wholly deficient. As an example, the response to Interrogatory No. 4 states, "Huh? Objection." Accordingly, based on good cause appearing therefore, the Court finds that the Plaintiff is entitled to proper responses from the Defendants to the disputed interrogatories.

2.   Requests for Production

Federal Rule of Civil Procedure 34 permits parties to request production of documents in the "possession, custody, or control" of the responding party. Here, the Plaintiff has requested documents which the Defendants concede are in their possession. However, the Defendants failed to produce any documents on the grounds that the requests are irrelevant, burdensome, and harassing. Having reviewed the requests, the Court, with good cause appearing therefore, finds that the requests are neither burdensome nor harassing. Rather, had the Defendants provided a proper privilege log, responding to the requests would have been quite routine. Additionally, the requests are relevant for the same reason the interrogatories are relevant.

3.   Requests for Admission

Under Fed.R.Civ.P. 36(A)(4)

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Here, the parties dispute the Defendants' responses to Requests for Admission Nos. 2, 3, 5, 10, and 11. In their response to Request for Admission No. 5, the Defendants attempt to play

word games and fail to properly answer the question. The Request for Admission is clear and a proper answer is due. As for the remaining Requests for Admission, the Defendants assert privilege, but have failed to provide a privilege log. Such privileges are asserted in the responses to Interrogatories and Requests for Production as well and will be discussed below.

**B.     Privilege**

Many of the Defendants' responses to the discovery requests asserted that the requested information was privileged. For example, the Defendants' answer to Interrogatory No. 9 stated, "Any communication or lack of communication with my attorney is subject to the attorney/client privilege." Countermotion (#35) at 13. Additionally, in response to Request for Production No. 2, the Defendants stated that the requested documents were protected, privileged, and confidential. *Id.* at 26. However, despite these numerous assertions of privilege, the Defendants have completely failed to provide a privilege log.

Fed.R.Civ.P. 26(b)(3), protects "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *U.S. E.E.O.C. v. Bill Heard Chevrolet Corp.*, 2009 WL 2489282 (D. NV 2009); *Hickman v. Taylor*, 329 U.S. 495 (1947). The party asserting the privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). "[A] lawyer need not be involved at all for the work product protection to take effect." *Goff, supra*, 240 F.R.D. at 660 (citations and internal quotations omitted).

In this case, the Defedants have failed to provide a privilege log. Thus, it is impossible for the Plaintiff or Court to assess the Defendants' assertion that certain communications are privileged. As the Defendants acknowledged at the hearing, no federal rule nor case law supports the assertion that all communications and documents exchanged between a party and counsel are *de facto* privileged. Additionally, if a party withholds documents it contends are privileged, it must always provide a privilege log to support that assertion. Fed. R. Civ. P.

- 4 -

1   26(b)(5).

2         Thus, as discussed at the hearing, the Court has grounds to find that the Defendants have
3   waived their assertion of privilege.  However, having reviewed all the requests, the Court finds
4   that ordering the Defendants to provide a privilege log at this point in the case may be less
5   burdensome on both partes.  A proper privilege log will allow the Plaintiff to receive, and the
6   Defendants to provide, proper responses to all discovery requests as promptly as possible, which
7   will help move this case forward.  Accordingly, the Defendants have seven days from the
8   signing of this Order to provide a proper privilege log, produce documents, respond to
9   interrogatories and respond to requests for admission.

10         If, after the Defendants provide a privilege log, the parties wish to bring this dispute
11   before the Court again, they must meet and confer before doing so.[1]

12         The privilege log shall reveal the identity and position of all senders/creators and
13   addressees/recipients. Defendants shall provide a description of each communication or
14   document withheld with sufficient detail that the Plaintiff can readily assess the claim of
15   privilege. Although "strategy" or the detailed substance of the subject communications need not
16   be disclosed, Defendants must provide a description of the general topic that is detailed enough
17   that the Plaintiff can ascertain whether the communication is truly privileged. This is especially
18   important where the communications are among non-attorneys, and it is entirely unclear from
19   the record whether these communications were in furtherance of an attorney-client
20   communication or in response to a query by the Defendants' attorney.

21   **C.      Sanctions**

22         The Plaintiff has requested costs and fees associated with its Countermotion to Compel.
23   This includes costs and fees associated with opposing the Defendants' Motion for Protective
24   Order (#30).  Fed.R.Civ.P 37(a)(5)(A)  provides that where a party's motion to compel is

---

[1] Although the Court defers ordering disclosure of all the requested documents as requested by the Plaintiff, the Court may consider that measure if the Defendants fail to comply with the Court Order to provide a sufficient privilege log to the Plaintiff.

- 5 -

granted, the moving party is entitled to "reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P 37(a)(5)(A).  Accordingly, the Plaintiff's request for costs and fees associated with the Countermotion to Compel, is granted.  The Court encourages the parties to meet and confer and reach an agreement on the appropriate amount for this sanction.  The deadline for the Plaintiff to submit an affidavit of costs and fees is January 31, 2013, and the Defendants' responses are due February 7, 2012.

### ORDER

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff's Countermotion to Compel Discovery (#35) is **GRANTED**.

IT IS FURTHER ORDERED that the Defendants must provide a proper privilege log and properly respond to the Plaintiff's Requests for Production, Interrogatories, and Requests for Admission within seven (7) days of this Order.

IT IS FURTHER ORDERED that Plaintiffs' request for costs and fees associated with bringing the Countermotion to Compel (#35) is **GRANTED**.

IT IS FURTHER ORDERED that the deadline for the Plaintiff to submit an affidavit of costs and fees is January 31, 2013, and the Defendants Respond are due by February 7, 2013.

DATED this 24th day of January, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge