# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DOMINIC ANTHONY MARROCCO,

    Plaintiff,

v.

MARK A. HILL, et al.,

    Defendants.

2:12-CV-28 JCM (NJK)

## ORDER

Presently before the court is defendants Mark A. Hill and Marcellous McZeal's objections to Magistrate Judge Koppe's order[1] (doc. # 51). Plaintiff Dominic Anthony Marrocco responded (doc. # 52), defendants replied (doc. # 53).

## I.     Procedural background

This cases arises out of allegedly improperly filed *lis pendens*. During discovery, plaintiff served defendants with requests for written discovery. Both defendants responded, but upon reviewing the responses, plaintiff determined that the responses were evasive and non-responsive. Based on this alleged failure, plaintiff filed a counter motion to compel discovery. (Doc. # 35).[2]

. . .

. . .

---

[1] Magistrate Nancy Koppe's order (doc. # 48) granted plaintiff's counter motion to compel discovery (doc. # 35).

[2] This counter motion was filed in response to defendants' motion for protective order. (*See* doc. # 30).

**James C. Mahan**
**U.S. District Judge**

1   Magistrate Judge Koppe granted plaintiff's motion and ordered defendants to produce
2   documents and respond to plaintiff's interrogatories and request for admission within seven days.
3   (Doc. # 48). The magistrate also ordered defendants to pay plaintiff's fees and costs associated with
4   the counter motion to compel. (*Id.*) Defendants have filed the instant motion objecting to the
5   magistrate's order. (Doc. # 51).

## II.     Legal standard

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection would also enable the court to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869, 109 S. Ct. 2237, 104 L. Ed. 2d 923 (1989).

"A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Global Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, 3:11-CV-00793-RCJ, 2012 WL 3884939, at *3 (D. Nev. Sept. 6, 2012).

A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## III.    Discussion

Defendants object to the magistrate's order compelling discovery for the following three reasons:

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

1. The magistrate judge's failure to consider or address defendants' motion for protective order which was also at issue in the decision; and

2. The magistrate judge's failure to address undisputed facts showing the discovery to be overly-burdensome and harassing; and

3. The magistrate judge's failure to recognize substantial justification for the alleged shortcomings in the discovery responses and other circumstances which make an award of expenses unjust.

(Doc. # 51, 1:21-2:4).

In defendants' reply they stated that they "have undertaken to comply with the Magistrate's order . . . . [And that] [t]he primary premise of this motion is, thusly, on the award of attorney's fees." (Doc. # 53, 8:47). Based on this representation, it appears that defendants' first and second objection are moot.[3] Therefore, the court will address only defendants' third objection.

A court must impose attorney's fees and expenses when it compels discovery unless the opposing party was substantially justified in resisting discovery. FED. R. CIV. P. 37(a)(4)(A). Substantially justified means that reasonable people could differ as to the appropriateness of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 565 (1998).

Defendants contend that their objection to discovery was substantially justified because the discovery request was duplicative and unnecessarily burdensome. As such, defendants argue, the attorney's fee award is not warranted. However, this court does not find the magistrate's application of Fed. R. Civ. P. 37 to be a misapplication of the rules of procedure, *see Global Advanced Metals USA, Inc.*, 2012 WL 3884939, at *3, and therefore does not find the order to be contrary to law. Further, even if this court would not have awarded attorney's fees in the circumstances presented, it cannot "simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241. As such, the court overrules defendants' third objection.

. . .

---

[3] Further, plaintiff has not filed any motions to alert the court to any issues with defendants' compliance with Magistrate Judge Koppe's order. Thus, it appears defendants are in compliance with the magistrate order.

**James C. Mahan**
**U.S. District Judge**

- 3 -

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Mark A. Hill and Marcellous McZeal's objections to Magistrate Judge Koppe's order (doc. # 51) be, and the same hereby are, OVERRULED.

DATED May 15, 2013.

                               /s/ James C. Mahan
                               **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -