UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DOMINIC ANTHONY MARROCCO, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> MARK A. HILL, et al., ) <br> ) <br> Defendant(s). ) <br> ) | Case No. 2:12-cv-0028-JCM-NJK <br><br> ORDER GRANTING IN PART <br> MOTIONS FOR ATTORNEYS' FEES <br><br> (Docket Nos. 49, 61) |

Pending before the Court is Plaintiff's request for expenses related to briefing and arguing his counter-motion to compel that the Court granted on January 24, 2013. Docket No. 49; *see also* Docket No. 48 (order granting counter-motion to compel).[1] Defendants objected to the calculation of expenses sought. *See* Docket No. 50. The Court finds the matter appropriately decided without oral argument. *See* Local Rule 78-2. For the reasons stated below, the Court hereby **GRANTS** the motion in part and sets reasonable attorneys' fees incurred in briefing and arguing the counter-motion to compel at $5,675.

Also before the Court is Plaintiff's supplemental request to recover expenses incurred in briefing Defendants' objections to the assigned District Judge. *See* Docket No. 61; *see also* Docket

---

[1] In its order granting Plaintiff's counter-motion to compel, the Court concluded that expenses should be awarded pursuant to Rule 37(a)(5)(A). *See Marrocco v. Hill*, 2013 WL 309013, at *4 (D. Nev. Jan. 24, 2013). Defendants objected to that holding, but their objection was overruled by the assigned District Judge. *See Marrocco v. Hill*, 2013 WL 2096172, at *2 (D. Nev. May 15, 2013). As such, all that remains before the Court on this request is a calculation of the expenses.

No. 58 (order overruling objections). Defendants filed a response and Plaintiff filed a reply. Docket Nos. 69, 71. The Court finds the matter appropriately decided without oral argument. *See* Local Rule 78-2. For the reasons stated below, the Court hereby **GRANTS** the motion and sets reasonable attorneys' fees incurred in responding to Defendants' objections at $4,535.

<u>Defendants shall make payment of $10,210 to Plaintiff no later than July 30, 2013.</u>

**I.  FEES INCURRED IN BRIEFING AND ARGUING THE MOTION TO COMPEL**

As noted above, Plaintiff's initial request for expenses relate to fees incurred in briefing and arguing his counter-motion to compel pursuant to Rule 37(a)(5)(A).[2] Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).[3]

**A.  ANALYSIS**

Plaintiff seeks $10,000 in attorneys' fees for work performed by Charles McCrea, Lynda Sue Mabry, and Kevin James Hejmanowski related to briefing and arguing the counter-motion to compel. *See* Docket No. 49 at ¶ 13. Those fees include approximately 4.0 hours expended by Mr. McCrea, 17.8 hours expended by Ms. Mabry, and 8.8 hours expended by Mr. Hejmanowski (*i.e.*, a total of approximately 30.6 hours). *See id.* at ¶ 12 (asserting that the remaining 1/3 of the hours documented were spent responding to Defendants' motion for protective order regarding deposition locations); *see also id.* at Exh. 1. Although Defendants concede that part of that request is reasonable, *see* Docket No. 50 at 1 (the six hours billed by Mr. McCrea "does not appear unreasonable"), they argue that the overall amount sought is unreasonable.

---

[2] Unless otherwise noted, all references to "Rules" refer to the Federal Rules of Civil Procedure.

[3] The Court may adjust the lodestar based on a number of additional factors not subsumed in the initial calculation. *See Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). As neither party argues for an adjustment, the Court finds the lodestar amount to be reasonable.

### 1. Reasonableness of Hours Expended

The first aspect of the lodestar equation is a determination of the number of hours reasonably expended. Defendants argue that the hours claimed are excessive. Among other arguments, Defendants argue that the counter-motion to compel was straightforward and did not require the combined talents of two partners and a senior associate. *See* Docket No. 50 at 2. Defendants further argue that the moving papers, while 28 pages in length, included a lengthy recitation of the discovery at issue, and that the briefing did not require extensive legal research. *Id.*

The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)). In reviewing the hours claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g.*, *Hensley*, 461 U.S. at 433; *see also Cruz v. Alhambra School Dist.*, 601 F. Supp. 2d 1183, 1191 (C.D. Cal. 2009) ("the Court must eliminate from the lodestar time that was unreasonably, unnecessarily, or inefficiently" spent).

In making this determination for hours expended on a discovery motion, the Court eschews correlating the hours expended and the number of pages submitted in briefing, as the length of briefing is not in itself indicative of a reasonable expenditure of time. *Compare Thompson v. Astrue*, 2012 WL 5949218, at *1 (E.D. Cal. Nov. 28, 2012) (finding one hour spent per page of "fairly routine" briefing is not unreasonable) *with Alutiiq Int'l Solutions, LLC v. Lyon*, 2012 WL 4182026, at *2, 4 (D. Nev. Sept. 17, 2012) (reducing hours for 13-page motion to compel from 13.8 hours to 4.0 hours). Instead, the reasonableness of hours expended depends on the specific circumstances of each case. *Camacho*, 523 F.3d at 978. To that end, in determining the reasonableness of hours spent in relation to a discovery motion, the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing. *See Herb Reed Enters. v. Monroe Powell's Platters*, 2013 U.S. Dist. Lexis 97559, at *31 (D. Nev. July 11, 2013); *see also Easley v. U.S. Home Corp.*, 2012 WL 3245526, at *3 (D. Nev. Aug. 7, 2012). Having reviewed these factors,

the Court agrees with Defendants that the hours claimed are not reasonable.

The Court also agrees with Defendants' argument that Plaintiff's counsel over-staffed this matter by having work performed by two partners (each with 35 years of litigation experience) and a seventh-year associate. Billed time that includes unnecessary duplication of effort should be excluded from the lodestar. *Herrington v. County of Sonoma*, 883 F.2d 739, 747 (9th Cir. 1989); *see also Cruz*, 601 F. Supp. 2d at 1191. "[C]ourts ought to examine with skepticism claims that several lawyers were needed to perform a task, and should deny compensation for such needless duplication as when three lawyers appear for a hearing when one would do." *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) (internal citations omitted). Of course, some duplication of effort is necessary in any case. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). In reviewing the billing, however, it is clear that having two partners and a senior associate working on a relatively straightforward discovery motion created unnecessary duplication of efforts.

In short, the Court agrees with Defendants regarding the reasonableness of hours spent. The Court finds that a reasonable amount of time spent should not have exceeded 15 hours. In particular, the Court finds the following to be the reasonable hours expended:

- Eight hours for Ms. Mabry to conduct legal research, review the case file, and draft the counter-motion to compel.
- Five hours for Ms. Mabry to conduct legal research, review the case file, and draft the reply.
- Two hours for Mr. McCrea to prepare for and attend the hearing of August 21, 2012.

Accordingly, the Court finds the reasonable hours spent are 13 hours for Ms. Mabry and two hours for Mr. McCrea.

### 2. Reasonableness of Hourly Rates

The next step in calculating the lodestar is to determine the attorney rates "calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96 & n.11 (1984). Plaintiff seeks fees calculated at an hourly rate of $375 for Ms. Mabry and $400 for Mr. McCrea. With respect to Mr. McCrea, Defendants acknowledge that, "while at the top

of the market, [that rate] does comport with the market." Docket No. 50 at 1. With respect to Ms. Mabry, Defendants assert that "a more reasonable hourly rate should be ascribed to her time," *id.* at 2, but provide no specific discussion as to why her asserted rate of $375 does not comport with the prevailing market rate. Ms. Mabry is a partner at Lionel Sawyer & Collins with over 35 years' experience as a litigator. *See* Docket No. 49 at ¶ 7. The Court finds that Ms. Mabry's asserted rate of $375, as well as Mr. McCrea's rate of $400, are in-line with the prevailing market rate for an attorney of their experience for similar types of litigation. *See, e.g.*, *Alutiiq*, 2012 WL 4182026, at *3.[4]

### 3. Lodestar Calculation

The Court finds that the lodestar calculation as it relates to the underlying counter-motion to compel should be as follows:

Ms. Mabry: 13 hours x $375 = $4,875

Mr. McCrea: 2 hours x $400 = $800

Total: $5,675

## II. FEES INCURRED IN RESPONDING TO OBJECTIONS

Plaintiff also seeks to recover his attorneys' fees incurred in responding to Defendants' objections to the order granting the counter-motion to compel. Docket No. 61. The Court must decide as a threshold matter whether attorneys' fees are properly awarded to a party who prevails in opposing objections to a magistrate judge's order granting a discovery motion. This appears to be an issue of first impression within this District.[5] For the reasons discussed below, the Court concludes that an award of such fees is proper.

Rule 37 governs the award of reasonable attorneys' fees arising out of certain discovery

---

[4] Given that the Court does not approve any of the time billed by Mr. Hejmanowski, the Court makes no finding regarding the reasonableness of his hourly rate.

[5] The only authority cited by Plaintiff is *MAS, Inc. v. Nocheck, LLC*, 2011 WL 1135367, at *4 (E.D. Mich. Mar. 28, 2011). *See* Docket No. 61 at 3. Defendants' response relies on the text of Rule 37 and Rule 72, as well as the "American Rule" that parties ordinarily bear their own attorneys' fees. *See* Docket No. 69 at 2-3.

motions. The expenses recoverable for successful motions to compel are those "incurred in making the motion." Rule 37(a)(5)(A). A losing party who disagrees with a magistrate judge's order granting a motion to compel may challenge that ruling by objecting to the assigned district judge under Rule 72(a) and Local Rule IB 3-1. Unlike Rule 37, the text of Rule 72(a) and Local Rule IB 3-1 does not include an explicit provision for an award of attorneys' fees to the prevailing party. The lack of an explicit attorneys' fees provision in Rule 72 gives the Court some pause in finding that attorneys' fees may be recovered under Rule 37(a)(5)(A) for opposing Rule 72(a) objections to discovery orders.

Nonetheless, at least one other court has awarded reasonable attorneys' fees incurred in responding to a Rule 72(a) objection pursuant to Rule 37(a)(5)(A). *MAS*, 2011 WL 1135367, at *4.[6] Such a determination is premised on a finding that fees incurred in responding to a Rule 72(a) objection are embodied in the term "reasonable expenses incurred in making the motion." *See MAS*, 2011 WL 1135367, at *4. Similarly, at least one court within the Ninth Circuit has concluded that an award of fees is proper pursuant to Rule 37(a)(5)(B) (which allows for reasonable attorneys' fees "incurred in opposing the motion" to compel)[7] for additional fees incurred in responding to Rule 72(a) objections. *See Brandon v. D.R. Horton, Inc.*, 2008 WL 2096883, at *3 (S.D. Cal. May 21, 2008).[8]

Moreover, and significantly, the purposes underlying Rule 37(a)'s fee-shifting provision

---

[6] The Court is mindful of the fact that the fee application there was unopposed. *See MAS*, 2011 WL 1135367, at *4.

[7] Rule 37(a)(5)(B) governs the award of attorneys' fees to a party opposing a motion to compel that is denied. The *Brandon* court cites to former Rule 37(a)(4), which also provided for the recovery of fees "incurred in opposing the motion" to compel brought without substantial justification. *See Brandon*, 2008 WL 2096883, at *3; *see also* Rule 37(a)(4)(B) (2007). The provisions of former Rule 37(a)(4) are now codified in Rule 37(a)(5). *See Linde v. Arab Bank, PLC*, 706 F.2d 92, 104 n.39 (2nd Cir. 2013).

[8] Courts have also concluded that Rule 37(b)(2) allows for the recovery of attorneys' fees incurred in responding to Rule 72(a) objections. *See, e.g.*, *General Motors Corp. v. Johnson Matthey, Inc.*, 887 F. Supp. 1240, 1246 (E.D. Wis. 1995). Rule 37(b)(2)(C) allows for the recovery of attorneys' fees "caused by the failure" to comply with a discovery order.

would be thwarted by not awarding attorneys' fees incurred in opposing a Rule 72(a) objection to an order granting a motion to compel. In an analogous situation, one court found "specious" the argument that a motion for reconsideration was not "the motion" referred to in Rule 37(a)(5)(A). *Catapult Communications Corp. v. Foster*, 2009 WL 2707040, *2 (N.D. Ill. Aug. 25, 2009). While the text of Rule 37(a)(5)(A) may refer to only "the motion" and not explicitly to subsequent challenges to the resulting order, the court focused on the purpose behind the fee-shifting in finding fees recoverable:

> If only the original motion to compel were compensable, the fee-shifting provision of Rule 37 would have little effect. A motion for reconsideration that attacks the original motion to compel could cost as much or more than the original motion itself; limiting the fees to the original motion, therefore, would not "deter a party from pressing to a court hearing frivolous requests for or objections to discovery." Fed. R. Civ. P. 37(a)(4) advisory committee's note on 1970 Amendments. For that reason, the Court finds that, under Rule 37, the fees incurred in responding to Defendant's motion for reconsideration are compensable.

*Catapult*, 2009 WL 2707040, at *2. The same reasoning leads the Court to conclude that reasonable fees incurred in responding to a Rule 72(a) objection are recoverable under Rule 37(a)(5)(A).[9]

---

[9] Defendants argue that, "[i]n light of the compliance with the order regarding the discovery at issue, the context of the objection was functionally limited to an objection granting the plaintiff attorney's fees on [his] motion." Docket No. 69 at 2. This argument does not hold water. As an initial matter, even where objections are made solely to the Court's conclusion that attorneys' fees are proper, an award of additional fees incurred in responding to the objections remains appropriate. *See Brandon*, 2008 WL 2096883, at *2 (where party "only object[ed] to the award of sanctions," granting request for additional fees incurred in responding to the objection); *Peterson v. Farrakhan*, 2006 WL 1994452, at *1 (N.D. Ind. July 14, 2006) ("Rule 37 is a fee-shifting rule, and the victor therefore is entitled to recover fees on appeal [*i.e.*, a Rule 72 objection] of an order imposing discovery sanctions." (citation and internal quotations omitted)).

Moreover, while Defendants did object to the determination that attorneys' fees were warranted for the counter-motion to compel, they also challenged the order granting the counter-motion to compel on two grounds: "1. The Magistrate Judge's failure to consider or address defendants' motion for protective order which was also at issue in the decision; 2. The Magistrate Judge's failure to address undisputed facts showing the discovery to be overly-burdensome and harassing." Docket No. 51 at 1. Defendants then abandoned those arguments in reply. *See* Docket No. 53 at 1, 8, Docket No. 58 at 3 (finding those arguments were moot based on statements in reply). The Court disagrees that Plaintiff should not be compensated for briefing discovery issues that were raised in Defendants' objections simply because Defendants later abandoned those arguments. *See, e.g.*, Rule 37(a)(5)(A) (expenses in moving to compel are recoverable where discovery is produced after moving papers are prepared and filed).

With respect to the amount of fees sought,[10] the Court calculates those fees pursuant to the lodestar. *See* Section I. Plaintiff submitted a supplemental affidavit and billing records, showing $4,535 in attorneys' fees associated with responding to Defendants' objections. *See* Docket No. 61. Defendants do not object to the rates sought or the reasonableness of the hours expended in opposing the Rule 72(a) objection. As such, this aspect of the motion is unopposed. *See* Local Rule 7-2(d); Local Rule 54-16(d). The Court has also reviewed the materials submitted and finds the attorneys' fees sought to be reasonable. Accordingly, the Court awards $4,535 in attorneys' fees for responding to Defendants' Rule 72(a) objections.

**III. CONCLUSION**

For the reasons discussed more fully above, the Court **GRANTS** in part Plaintiff's motion for attorneys' fees incurred in bringing his counter-motion to compel and **GRANTS** Plaintiff's motion for attorneys' fees incurred in responding to Defendants' Rule 72(a) objections. Accordingly, Defendants shall make payment of $10,210 to Plaintiff no later than July 30, 2013.

IT IS SO ORDERED.

DATED: July 22, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[10] As noted above, the Court has already concluded that Defendants' positions were not substantially justified, and the District Judge overruled the objection to that finding. *See, supra*, n.1.