UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DOMINIC ANTHONY MARROCCO,

    Plaintiff,

v.

MARK A. HILL, et al.,

    Defendants.

2:12-CV-28 JCM (NJK)

**ORDER**

Presently before the court is defendants' motion to dismiss for lack of subject matter jurisdiction. (Doc. # 81). Plaintiff Dominic Anthony Marrocco filed a response (doc. # 85), and defendants filed a reply. (Doc. # 87).

**I.    Background**

This case involves slander of title and RICO claims by plaintiff Dominic Marrocco against defendants Mark A. Hill and Marcellous McZeal. Plaintiff seeks to recover damages based on losses he suffered as a result of defendants' allegedly filing a false *lis pendens* and presenting a falsified contract in a case which took place in a Texas state court. Specifically, plaintiff seeks to recover (1) attorneys fees incurred due to the instant litigation, (2) attorneys fees incurred in the Texas case, (3) monetary losses he incurred as a result of the false *lis pendens*, and (4) punitive damages based on the false *lis pendens*. Plaintiff filed the instant case citing this court's diversity jurisdiction under 28 U.S.C. § 1332. Defendants filed the instant motion seeking to dismiss the action, arguing that plaintiff's claims to not meet the $75,000 amount-in-controversy requirement.

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

For jurisdictional purposes, the amount in controversy is determined by the amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain,* 400 F.3d 659, 662 (9th Cir.2005). In determining the amount in controversy, a district court may consider the amount of compensatory and punitive damages recoverable based on the plaintiff's complaint as well as attorneys' fees. *Dawson v. Richmond Am. Homes of Nevada, Inc.*, 2:12-CV-01563-MMD, 2013 WL 1405338 (D. Nev. Apr. 5, 2013); *Meisel v. Allstate Indem. Co.,* 357 F. Supp. 2d 1222, 1225 (E.D. Cal. 2005); *See Frederico v. Home Depot*, 507 F.3d 188, 198-99 (3d Cir. 2007).

## III. Discussion

The instant motion is based on defendants' argument that plaintiff has not and cannot demonstrate that the amount in controversy exceeds $75,000. (Doc. # 81, 2:17-20). Though the monetary damages suffered by plaintiff in this action is a thoroughly contentious issue in this case, defendants assert that plaintiff has not provided sufficient evidence to prove that he has suffered damages in excess of $75,000. Citing to *Augustine v. United States*, defendants observe that "in ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." 704 F.2d 1074, 1077 (9th Cir. 1983). Under this standard, defendants urge the court to definitively decide that plaintiff's claims do not exceed to $75,000 in value.

However, defendants omit a crucial aspect of the relevant legal standard. Just beyond the passage cited by defendants, the *Augustine* court stated:

> In ruling on a jurisdictional motion *involving factual issues which also go to the merits*, the trial court should employ the standard applicable to a motion for summary judgment, as a resolution of the jurisdictional facts is akin to a decision on the merits. Therefore, the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Unless that standard is met, the jurisdictional facts must be determined at trial by the trier of fact.

*Augustine,* 704 F.2d at 1077 (emphasis added). Defendants' arguments regarding the amount of

1  damages suffered by plaintiff certainly involve factual issues which go to the merits of this case. As
2  such, the court views the instant motion in the same scrutinizing fashion that it would a motion for
3  summary judgment. Therefore, the instant motion requires a finding that "the pleadings, depositions,
4  answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there
5  is no genuine issue" as to the fact that the amount in controversy does not exceed $75,000. *See* Fed.
6  R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

7  Defendants argue that plaintiff does not satisfy the $75,000 threshold because plaintiff failed
8  to provide a computation of damages as required by Fed. R. Civ. P. 26(a)(1)(A)(iii). This rule
9  requires that "a party must, *without awaiting a discovery request*, provide to the other parties . . . a
10 computation of each category of damages claimed by the disclosing party—who must also make
11 available for inspection and copying . . . the documents or other evidentiary material . . . on which
12 each computation is based, including materials bearing on the nature and extent of injuries suffered."
13 *Id.* Fed. R. Civ. P. Rule 37(c) provides "if a party fails to provide information or identify a witness
14 as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply
15 evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is
16 harmless." *Colombini v. Members of Bd. of Directors of Empire Coll. Sch. of Law*, C9704500CRB,
17 2001 WL 1006785 (N.D. Cal. Aug. 17, 2001) *aff'd sub nom. Colombini v. Members of Bd. of*
18 *Directors*, 61 F. App'x 387 (9th Cir. 2003)

19 Plaintiff does not deny that he failed to provide a damage calculation, but instead argues that
20 because punitive damages and attorneys fees are among the damages he claims in his complaint, that
21 he was not *required* to provide a computation of damages. This argument misses the mark for two
22 reasons: First, claims for punitive damages cannot stand by themselves without evidence of a
23 corresponding claim for compensatory damages; Second, any claim for attorneys fees requires that
24 a party submit a breakdown of how those fees were calculated.

25 1. Punitive Damages

26 In support of his argument that a party need not submit a computation regarding punitive
27 damages, plaintiff refers to *Crocker v. Sky View Christian Academy*, which held that a plaintiff did

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  not err in failing to provide a computation of punitive damages because their discretionary nature
2  makes them impossible to quantify. 3:08-CV-00479-LRH-VPC, 2009 WL 77456, *3 (D. Nev. Jan.
3  8, 2009).

4  While plaintiff is correct to assert that the requirements of rule 26(a)(1)(A)(iii) do not apply
5  to punitive damages, plaintiff also failed to submit a computation of the compensatory damages on
6  his underlying slander of title claim. This is problematic, as punitive damage awards that exceed
7  their underlying compensatory damage claims by a ratio of more than ten to one presumptively
8  violate the Due Process Clause of the Fourteenth Amendment. *State Farm Mut. Auto. Ins. Co. v.*
9  *Campbell*, 538 U.S. 408, 410 (2003). Here plaintiff's failure to provide proof of compensatory
10 damages creates a quandary. As it currently stands, plaintiff has no evidence with which to prove any
11 compensatory damages at trial, and therefore any corresponding award of punitive damages will
12 exceed the ten to one ratio and would be presumptively invalid under the Due Process Clause.
13 Because the Constitution would prevent this court from granting plaintiff a judgment exceeding the
14 $75,000 minimum consisting solely of punitive damages, the plaintiff may not rely solely on punitive
15 damages to claim that he meets the amount in controversy requirement.

16 As a result, plaintiff's failure to provide any evidence of damages on his slander of title claim
17 prevents this court from finding that the amount in controversy requirement is met in this case.

18 *2. Attorneys' Fees*

19 Similarly, plaintiff's failure to provide computation of his claims for attorneys fees prevents
20 the court from considering these values as part of the amount in controversy requirement. When a
21 party seeks an award of attorneys' fees, that party bears the burden of submitting evidence regarding
22 "the hours worked" "the costs claimed," and "reasonable rates charged by attorneys in the [region]."
23 *Exxon Mobil Corp. v. Future Grp. LLC*, 1:12-CV-456 AWI DLB, 2012 WL 3156798, *2 (E.D. Cal.
24 Aug. 1, 2012); *see Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *New York State Ass'n for*
25 *Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

26 While plaintiff claims in his response to the instant motion that he has incurred over
27 $440,868.34 in attorneys' fees in the present case and the Texas action combined, this information
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

is both too little and too late. Plaintiff failed to present even an estimate of his attorneys' fees in an initial damages computation or at any point during discovery. Equally detrimental to plaintiff's argument is the fact that the numbers he now presents lack any breakdown regarding the hours that were worked on his behalf or the reasonable rates charged by attorneys in the relevant markets. Accordingly, plaintiff's argument regarding the attorneys' fees presented in his response to the instant motion is insufficient to create an evidentiary basis to show that plaintiff's claims meet the $75,000 amount-in-controversy requirement.

Because plaintiff provided no computation of compensatory damages in accordance with Federal Rule of Civil Procedure (a)(1)(A)(iii), his request for punitive damages does not create an amount in controversy over $75,000. Similarly, plaintiff's failure to timely provide a computation of attorneys fees, as well as his failure to provide the requisite breakdown of how those fees were calculated, prevents him from leaning on his claim for attorneys' fees to fulfill the amount in controversy requirement. As a result, plaintiff is left without a leg to stand on regarding his claim that the requirements of 28 U.S.C. § 1332 are met in this case, and the court will grant defendants' motion to dismiss.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. # 81) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that this case is hereby dismissed without prejudice as to both defendants for lack of subject matter jurisdiction.

DATED November 13, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -